06-0203-cr
United States v. Ogman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: March 4, 2008)                                    Decided: July 24, 2008)

Docket No. 06-0203-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

MARVIN OGMAN,

*Defendant-Appellant.*

_____

Before SOTOMAYOR, LIVINGSTON, *Circuit Judges*,
and PRESKA, *District Judge*.[1]

_____

Defendant-appellant Marvin Ogman appeals the district court's judgment, following two separate guilty pleas, convicting him of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, and possession with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). We hold that the district court did not abuse its discretion in considering both of these convictions in sentencing him, and that our decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008), has no application here because the Sentencing Guidelines range applied to Ogman's case was not the result of the Guidelines' 100-to-1 powder to crack ratio, but rather resulted from his undisputed status as a career offender under U.S.S.G. § 4B1.1(a)

SALLY WASSERMAN, New York, New York, *for Defendant-Appellant*

MICHAEL E. RUNOWICZ, Assistant United States Attorney (Sandra S.

_____

[1]The Honorable Loretta A. Preska, United States District Court for the Southern District of New York, sitting by designation.

Glover, Assistant United States Attorney, *of counsel*) *for* Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, Connecticut, *for Appellee*.

*PER CURIAM*

Defendant-appellant Marvin Ogman appeals the sentence imposed by the United States District Court for the District of Connecticut (Hall, *J.*), following two separate guilty pleas, convicting him of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, and possession with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). We affirmed in a summary order dated April 7, 2008, and now withdraw that order and publish this opinion in its place. We hold that the district court did not abuse its discretion in considering both of these convictions in sentencing Ogman, notwithstanding that he was indicted for the cocaine-base offense only after he indicated a desire to go to trial on the cocaine offense. We further hold that our decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008) (per curiam), has no application here because the Sentencing Guidelines range applied to Ogman's case was not the result of the Guidelines' 100-to-1 powder to crack ratio, but rather resulted from his status as a career offender under U.S.S.G. § 4B1.1(a), coupled with the statutory maximum term of life imprisonment for his cocaine-base offense.

## BACKGROUND

On June 15, 2004, Ogman was charged in a conspiracy to possess with the intent to distribute both cocaine and cocaine base. When law enforcement officers went to arrest Ogman on the warrant issued with the filing of the indictment, they found approximately 52 grams of "crack" cocaine beneath a scale next to the bed in which he had been sleeping. After Ogman's arrest, he engaged in several proffer sessions with the government, in the hope of entering into a

cooperation agreement and obtaining a § 5K1.1 motion from the government, which would then allow the sentencing judge to depart downwardly during sentencing. *See* U.S.S.G. § 5K1.1. Because the information Ogman provided to the government was principally corroborative in nature, however, the prosecutor informed Ogman—in undisputed good faith—that Ogman's assistance up to that point might not have risen to the level required for the filing of a § 5K1.1 motion.[2]

Although he continued to cooperate, Ogman expressed an intention to go to trial, rather than to plead guilty. In anticipation of trial, on February 16, 2005, the government sought and obtained a Second Superseding Indictment that charged Ogman with engaging in a cocaine distribution conspiracy (rather than the cocaine and cocaine base conspiracy with which he had originally been charged). At the same time, the government sought and obtained a grand jury indictment that charged him with possessing with intending to distribute the cocaine base found next to his bed when he was arrested. After the filing of these two indictments, Ogman's cooperation continued, and ultimately he entered into plea agreements with respect to both charges.

At sentencing on December 29, 2005, Ogman's initial offense level was calculated to be 32 based on the quantity of drugs involved in both cases to which he had pleaded guilty. His

---

[2] The § 5K1.1 motion did not, however, authorize the district court to depart below the statutory minimum sentence—in this case, 120 months—because the district court acquires such authority only when the government files a motion pursuant to 18 U.S.C. § 3553(e). *United States v. Richardson*, 521 F.3d 149, 158-59 (2d Cir. 2008). Here, however, the government conceded at oral argument that it had filed a § 3553(e) motion as well. Although the district court did not expressly rule on this motion, we need not consider remanding for resentencing in accordance with the statutory minimum because the government has not cross-appealed and asked us to do so. *See Greenlaw v. United States*, 128 S. Ct. 2559, 2562 (2008).

offense level was then increased to 37 under U.S.S.G.§ 4B1.1 because his previous felony

convictions made him a career offender.  The district court then reduced this offense level by

three for acceptance of responsibility, resulting in a total offense level of 34.  The district court

then determined that Ogman's criminal history placed him in category VI because he had

acquired a total of 17 criminal history points. Accordingly, based on a total offense level of 34

and a criminal history category of VI, the district court calculated Ogman's Guidelines range to

be 262 to 327 months of imprisonment.  The district court granted the government's § 5K1.1

motion, departing downwardly to sentence Ogman principally to 95 months in prison on each

charge, to be served concurrently.

### DISCUSSION

On appeal, Ogman challenges the reasonableness of his sentence on two grounds.[3]

First, he argues that the district court should not have considered the cocaine-base charge as an

offense of conviction in calculating his Guidelines range, on the theory that he was charged with

this offense only after he expressed his desire, during plea negotiations, to go to trial on the

conspiracy charge.   However, Ogman offers no authority, and we are aware of none, that would

permit a district court in these circumstances not to consider all offenses to which a defendant

pleads guilty when calculating a sentence.  Ogman voluntarily pled guilty to both crimes with

which he was legitimately charged.  Thus, the district court reasonably considered both

convictions in calculating his sentence.  *See United States v. Stanley*, 928 F.2d 575, 582 (2d Cir.

---

[3] When reviewing a district court's sentence calculation, we "must first ensure that the district court committed no significant procedural error."  *Gall v. United States*, 128 S. Ct. 586, 597 (2007).  If the district court's sentencing decision is procedurally sound, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

1991) ("[T]he fact that a charge was used in plea bargaining does not mean that the penalty mandated by statute does not apply."); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978) (holding that a prosecutor's threat to bring more serious charges to induce a plea bargain "no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution").

Second, Ogman argues that the district court unreasonably denied his motion for departure from criminal history category VI because it overstated his actual criminal history. We need not reach this issue because a district court's refusal to depart generally is not appealable. *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005). Review is available only "when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *Id.* Here, nothing in the record suggests that the district court misunderstood its authority to grant a departure or that the sentence was otherwise illegal. In fact, the district court explicitly acknowledged its authority to depart and exercised its discretion not to do so. In any event, the district court acted well within its discretion not to depart in light of Ogman's status as a career offender. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").

Finally, we note that our decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008), does not counsel in favor of, much less require, a remand in this case. Unlike in *Regalado*, where we remanded to allow the district court to determine "whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the [crack] Guidelines to serve [the objectives of sentencing under 18 U.S.C. § 3553(a)]," *id.* at149, the Guidelines range applied to Ogman's case was not the result of the 100-to-1 powder to crack

ratio, but rather resulted from his status as a *career offender* under U.S.S.G. § 4B1.1(a), coupled with the *statutory* maximum term of life imprisonment for his cocaine-base offense, 21 U.S.C. § 841(b)(1)(A)(iii). *See* U.S.S.G. § 4B1.1(b)(A).

We thus clarify that where, as here, a district court sentences a defendant pursuant to a Guidelines range that results from his status as a career offender, and without reliance upon the Guidelines' drug quantity table and the crack to powder ratio that it incorporates, the sentence does not present the type of error for which remand in accordance in *Regalado* is appropriate. In such a case, we can be confident that the "likely procedural error" we identified in *Regalado*—namely, "unawareness of discretion to consider that the 100-to-1 ratio may cause a particular sentence to be excessive"—did not "affect[] substantial rights" or "affect[] the fairness, integrity or public reputation of judicial proceedings." *Regalado*, 518 F.3d at 150.

## CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.