UNITED STATES of America,
Appellee,

v.

Devine Anthony HARRIS,
Defendant–Appellant.

No. 07–2321–cr.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2008.

Bobbi C. Sternheim, New York, N.Y., for Appellant.

Anthony E. Kaplan, Assistant United States Attorney (Paul A. Murphy and William J. Nardini, Assistant United States Attorneys, of counsel, on the brief), for Nora A. Dannehy, Acting United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant appeals a conviction for crimes relating to possession of crack cocaine and of a firearm. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

## I. Admission of a Tape Recorded Prison Telephone Conversation

Defendant argues that admission of a recorded telephone conversation between himself and an unknown speaker, not available in court, violated his constitutional confrontation right. Because of the strength of the other evidence against Defendant, any conceivable error in admitting the recorded telephone conversation was harmless. *See United States v. Vitale,* 459 F.3d 190, 195 (2d Cir.2006) (holding that Confrontation Clause issues are subject to harmless error analysis); *United States v. Colombo,* 909 F.2d 711, 714 (2d Cir.1990) ("The strength of the government's case against the defendant is probably the most critical factor in determining whether an error affected the verdict.").

## II. Sentencing

Defendant argues that his case should be remanded for resentencing in compliance with the retroactive application of changes in the Guidelines pertaining to crack cocaine. Defendant's offense level, however, was set not by U.S.C.G. § 2D1.1, the amended provision, but rather by U.S.C.G. § 4B1.1, because of his status as a career offender. *Cf. United States v. Ogman,* 535 F.3d 108, 108 (2d Cir.2008) (per curiam) (holding that it is not necessary to remand for resentencing under *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), when a defendant's sentence "was not the result of the 100–to1 powder to crack ratio, but rather resulted from his status as a *career offender* under U.S.C.G. § 4B1.1(a)").

We nevertheless observe, and the Government concedes, that the District Court may have been influenced by the relevant mandatory minimum when determining sentence. In light of our recent decision in *United States v. Whitley,* 529 F.3d 150

(2d Cir.2008), clarifying the correct construction of the mandatory minimum applicable to the case before us, we believe that the District Court should have the opportunity to determine whether to resentence, now fully informed of this Court's decision in *Whitley*. *See United States v. Crosby*, 397 F.3d 103, 117–18 (2d Cir.2005).

## III. Conclusion

We have considered all of Defendant–Appellant's arguments regarding his conviction and have found them to be without merit. Accordingly, the conviction is **AFFIRMED** and we **REMAND**.