SUMMARY ORDER
Defendant-appellant Israel Pena appeals from a judgment of conviction on three counts: (1) conspiracy to commit mail and wire fraud; (2) bank fraud; and (3) mail fraud. Pena was sentenced to a term of imprisonment of 46 months. We assume the familiarity of the parties and counsel with the facts of this case, the prior proceedings therein, and the issues raised on appeal.
Pena makes three arguments on appeal: (1) the district court erred in not specifically instructing the jury that loan applicants were not the alleged victims of the frauds charged; (2) the district court’s determination of the applicable Guidelines range was incorrect because the loan applicants should not have been considered vulnerable victims; (3) the district court’s determination to impose a low-end Guidelines sentence of 46 months was unreasonable.
Pena’s challenge to the jury charge as given fails to meet the criteria for error requiring reversal because the defense theory is effectively presented elsewhere in the charge and because the requested instruction does not present a defense theory that would lead to acquittal. See United States v. Lung Fong Chen, 393 F.3d 139, 151 (2d Cir.2004). Pena’s challenge to the court’s failure to give a limiting instruction fails because any error by the district court, if error there was, was harmless in light of the overwhelming evidence of guilt. See Fed.R.Crim.P. 52(a).
The defendant’s argument that the loan applicants were not “victims” is without merit. We have held that the enhancement is authorized even if the vulnerable victim was not directly targeted by the offense. See U.S. v. Firment, 296 F.3d 118, 120-21 (2d Cir.2002); see also U.S.S.G. § 3A1.1, Application Note 2 (“ ‘vulnerable victim’ means a person ... who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)”).
Pena argues that because the loan applicants knowingly participated in the fraud, they should not be classified as victims, but as co-conspirators. However, two of the three borrowers who were witnesses at trial testified that they were unaware that fraudulent documents were submitted in their names. The district court could consider these two, at least, to be victims for purposes of the sentencing enhancement.
Pena’s argument that the loan applicants were not “vulnerable” fails because there is no evidence of clear error in the district court’s finding of fact to that effect. United States v. Patasnik, 89 F.3d 63, 72 (2d Cir.1996).
Pena argues that the 46-month sentence he received, which was at the low end of the Guidelines range, was unreasonable, and that various factors counseled in favor of a downward departure. A district court’s refusal to grant a downward departure pursuant to the Guidelines is not subject to our review unless the sentencing judge mistakenly thought that he or she lacked authority to grant such a departure. United States v. Ogman, 535 F.3d 108, 111 (2d Cir.2008). There is no evidence in the record of such a misunderstanding. Nor, treating the Guidelines as advisory, as we must, do we find a 46-month sentence to *501 be unreasonable for the offenses of which Pena was convicted.
Finally, we note that the written judgment of conviction accurately states the Title and Section of the United States Code for each count on which Pena was convicted. However, the judgment also contains, in a parallel column headed “Nature of Offense,” an inaccurate description of Count Three and an incomplete description of Count One. Count One, which was brought under 18 U.S.C. § 371, was for conspiracy to commit mail and wire fraud (not for conspiracy to commit wire fraud alone, as stated in the judgment of conviction). Count Three, which was brought under 18 U.S.C. § 1341, was for mail fraud (not wire fraud). We therefore direct the District Court to correct these technical errors in the judgment of conviction pursuant to Federal Rule of Criminal Procedure 36.
We have considered all of Pena’s arguments in support of his appeal and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED, with directions to correct the judgment.