SUMMARY ORDER
This consolidated appeal involves the sentencing of four Defendants-Appellants, Leanda Perry, Luis Gonzalez, Antwan Tann, and Benigno Malave, for their involvement in a conspiracy to possess and distribute crack and powder cocaine in and around Meriden, Connecticut. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
Perry pled guilty to conspiring to possess with the intent to distribute and to distribute “five grams or more of a mixture and substance containing a detectable amount of cocaine base,” in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He was sentenced principally to 96 months’ incarceration. He argues that his sentence was unreasonable because the district court failed properly to apply the parsimony clause contained in 18 U.S.C. § 3553(a), which instructs a sentencing court to impose a sentence that is sufficient but not greater than necessary to meet the objectives of a criminal sentence, and because the district court otherwise failed to consider the section 3553(a) factors in light of his arguments. The district court began with a Guidelines range calculation of 130-162 months, which Perry does not dispute. The court, having considered Perry’s and the government’s arguments, substantially credited — albeit insufficiently from Perry’s point of view— Perry’s plea for a lenient sentence because of the difficult circumstances relating to his upbringing and his attempted cooperation with law enforcement authorities after his arrest. As noted, the court’s 96-month sentence was significantly below the Guidelines sentence of 130-162 months. “[W]e presume, in the absence of record evidence'suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors.” United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006). While the district court did not recite the parsimony clause, there is no reason upon which we can conclude that it did not examine and apply it. We conclude, to the contrary, that the district court’s thorough sentencing was both procedurally and substantively reasonable.
Defendant-Appellant Gonzalez pled guilty to conspiring to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. He was sentenced to 120 months in prison. Gonzalez does not dispute that his Guidelines range was 151-188 months. Before and at his sentencing hearing, however, he asked for a downward departure under U.S.S.G. § 4A1.3(b) based on the alleged overstatement of his criminal history. If it had been granted, it would have resulted in a Guidelines range of 140-175 months. He also asked for a below Guidelines sentence based on his personal and criminal history.
*677 On appeal, Gonzalez argues that his sentence was proeedurally unreasonable because the district court did not adequately address his motion for a downward departure. The court neither granted nor denied it because the court concluded that it would impose the same sentence in either event. That is not tantamount to the court’s disregarding it entirely. In the absence of record evidence to the contrary, moreover, we presume the district judge has considered the relevant arguments. See Fernandez, 443 F.3d at 30.
The district court explicitly considered Gonzalez’s arguments, discussing both Gonzalez’s relevant criminal history and sentencing arguments, as it properly went through the Guidelines range and statutory factors. The court ultimately credited Gonzalez’s arguments relating to, among other things, his positive personal characteristics and found that the Guidelines range exceeded the sentence necessary to achieve the purposes of sentencing. Gonzalez’s sentence was not proeedurally unreasonable.
The government has moved to dismiss Benigno Malave’s appeal, because the conditions on supervised release that Malave challenged on appeal have been removed pursuant to an amended judgment rendering his appeal moot. The motion is unopposed, and we grant this motion.
Antwan Tann’s attorney has filed a motion to be relieved as counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We will address Tann’s appeal and his attorney’s Anders motion in a separate ruling. We hereby remove his appeal from consolidation with those of Gonzalez, Perry, and Malave and stay the appeal pending our decision on the Anders motion.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED with respect to Defendants-Appellants Perry and Gonzalez. The government’s motion to dismiss Malave’s appeal is GRANTED, and his appeal is DISMISSED. Tann’s appeal is removed from its consideration with the other appeals and is stayed pending our decision on his counsel’s Anders motion.