**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4868**
_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

OLIVER DERWIN THOMAS,

                  Defendant - Appellant.

_____

**No. 07-4989**
_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

EDWIN LERON HAMMOND, a/k/a Edwin Leon Hammond,

                  Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Sr.; N. Carlton Tilley, Jr., Senior District Judges.  (1:07-cr-00042-WLO)

_____

Submitted:  September 18, 2009      Decided:  October 9, 2009

_____

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Christopher R. Clifton, GRACE, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina; Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Clifford R. Lamar, II, Third Year Law Student, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oliver Derwin Thomas and Edwin Leron Hammond pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). They now appeal their respective 280-month and 262-month sentences, arguing that the sentences are unreasonable. The two cases have been consolidated on appeal. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ____, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). We conclude that Thomas' and Hammond's sentences are both procedurally and substantively reasonable. The district court properly calculated the guidelines range, treated the guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district courts' sentences were based on their "individualized assessment" of the facts of the case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Last, Thomas' and Hammond's within-guidelines sentences are presumptively reasonable on appeal. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

In rebutting the presumption of reasonableness, see United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006)

3

(stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors), Thomas argues his sentence is unreasonable in light of the Supreme Court's subsequent decision in Kimbrough v. United States, 552 U.S. 85, ___, 128 S. Ct. 558 (2007), and Amendment 706 to the federal sentencing guidelines, which lowered the base offense level for crack offenses effective November 1, 2007. Thomas did not object to his presentence report based on the crack cocaine/powder disparity. Applying Amendment 706 retroactively offers Thomas no relief. Because Thomas was designated a career offender, his base offense level of thirty-seven was determined by the statutory maximum sentence of life imprisonment applicable to his offense under 21 U.S.C. § 841(b)(1)(A), not the drug quantity found attributable to him. See U.S. Sentencing Guidelines Manual § 4B1.1(b)(A) (2006). Thus, although the base offense level corresponding to the determined drug quantity would be lower as a result of Amendment 706, the amendment is ultimately of no consequence because calculation of Thomas' offense level was driven by the career offender designation. See USSG § 2D1.1(c)(8).

In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve

§ 3553(a)'s purposes, even in a mine-run case." 128 S. Ct. at 575. Because Thomas did not argue below that he should be sentenced below the advisory guidelines range based upon the crack/powder cocaine disparity in the guidelines, review is for plain error. See United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). Assuming the court's failure to consider the crack/powder disparity constitutes error that was plain, it must still be established that the error affected the defendant's substantial rights. See id. This court previously has "concluded that the error of sentencing a defendant under a mandatory guidelines regime is neither presumptively prejudicial nor structural," thereby requiring a showing of "actual prejudice." United States v. White, 405 F.3d 208, 223 (4th Cir. 2005). Thus, the burden is on the defendant to establish that the error "affected the district court's selection of the sentence imposed." Id.

Here, the record is entirely silent on this issue and the record does not reveal a nonspeculative basis for concluding that the district court would have imposed a shorter sentence had it known it possessed the discretion to do so. In any event, Kimbrough is of no assistance to Thomas because his ultimate guidelines range was not determined based on drug quantity but on his status as a career offender. See United States v. Ogman, 535 F.3d 108, 109 (2d Cir. 2008) (clarifying

5

that when "a district court sentences a defendant pursuant to a Guidelines range that results from his status as a career offender, and without reliance upon the Guidelines' drug quantity table and the crack powder ratio that it incorporates, the sentence does not present the type of error for which remand . . . is appropriate"); United States v. Jiminez, 512 F.3d 1, 8-9 (1st Cir. 2007) ("As we have explained, the crack/powder dichotomy is irrelevant to the career offender sentence actually imposed in this case. Consequently, the decision in Kimbrough . . . is of only academic interest here."). Therefore, Thomas cannot demonstrate that the district court's failure to consider the crack/powder disparity affected his substantial rights.

Thomas also argues his sentence is substantively unreasonable under § 3553(a) because his co-defendant, Hammond, received a shorter sentence by eighteen months. He maintains that, unlike Hammond, he was merely a facilitator in the offense. He further argues that the court should have considered his difficult childhood and disadvantaged life. Both Thomas and Hammond pled guilty to the same offense and both were sentenced as career offenders. The sentence differential can be easily understood given that Thomas and Hammond were sentenced by different judges and Hammond attempted to cooperate with the Government. Furthermore, the court listened to defense

counsel's argument concerning Thomas' background and, in its discretion, the district court considered more significant Thomas' recidivism. The district court therefore did not abuse its discretion in imposing the chosen sentence.

On appeal, Hammond maintains his 262-month sentence is unreasonable because it is greater than necessary to accomplish the goals of § 3553(a) and that the court did not have the benefit of the <u>Gall</u> decision in fashioning his sentence. In Hammond's case, the district court treated the properly calculated guidelines as advisory, considered the relevant § 3553(a) factors, and heard argument from the parties as well as a statement from Hammond. The court clearly took into consideration Hammond's possible cooperation with the Government and his lengthy criminal history in determining that a sentence at the low end of the guidelines range, as specifically requested by Hammond, was appropriate. Hammond has simply not rebutted the appellate presumption that his sentence is reasonable. Accordingly, the district court did not abuse its discretion in imposing a 262-month sentence.

We therefore affirm Thomas' and Hammond's sentences. We further deny Thomas' motion to proceed pro se/appoint new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

7

before the court and argument would not aid the decisional process.

AFFIRMED