**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4071**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVERETT MICHAEL BYERS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00129-JAB-1)

Submitted: October 7, 2009          Decided: October 29, 2009

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Everett Michael Byers appeals from his convictions for possession of ammunition by a convicted felon and possession with intent to distribute crack cocaine and his resulting 240-month sentence. On appeal, Byers challenges the denial of his motion to suppress and asserts that the district court erred in failing to consider the sentencing disparity between crack and powder cocaine offenses prior to imposing sentence. We affirm.

With regard to the denial of Byers' motion to suppress, we have reviewed the district court's decision, the briefs of the parties, and the record on appeal, and we find no reversible error. Accordingly, we find that the good faith exception applied, and we affirm for the reasons stated by the district court. (J.A. at 124-37).[*]

---

[*] Byers makes much of the district court's alleged error in determining that, even absent an unreliable hearsay statement, the facts available to the magistrate placed Byers at the scene of the shooting. According to Byers, absent the hearsay statement, the facts showed only that a light skinned, mixed race man named "Mike" was at the scene. However, the district court's finding that the police officer and the magistrate judge lacked a substantial basis on which to credit the hearsay statement does not forbid consideration of the statement in determining whether the police officer's testimony was "bare bones," such that the good faith exception should not apply. See United States v. DeQuasie, 373 F.3d 509, 521-22 & n.17 (4th Cir. 2004) ("If a lack of substantial basis also prevented application of the Leon objective good faith exception, the exception would be devoid of substance."). Thus, it is
(Continued)

2

Byers next asserts that the district court erred in failing to consider the Guidelines' disparity for crack and powder cocaine offenses. Byers asserts that he preserved this argument when he argued at sentencing that the Guidelines made a "substantial difference" in his sentence. However, in making this statement, counsel was referring to the effect Byers' armed career criminal status had on his Guidelines range; the crack and powder cocaine disparity was not mentioned or inferred. As such, our review is for plain error. See United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009).

The district court's reliance on the crack to powder ratios was not error, plain or otherwise, especially considering that Byers was sentenced after the 2007 crack cocaine amendments to the Guidelines. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008) (approving presumption of reasonableness for sentence within properly calculated Guidelines range). However, even if it was error, it must still be established that the error affected Byers' substantial rights. See Branch, 537 F.3d

---

irrelevant what the evidence showed without the hearsay statement, since the statement was properly considered in determining the application of the good faith exception.

at 343.  We have previously "concluded that the error of sentencing a defendant under a mandatory guidelines regime is neither presumptively prejudicial nor structural," thereby requiring a showing of "actual prejudice" to find that the error affected substantial rights.  United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).  Thus, the burden is on Byers to establish that the error "affected the district court's selection of the sentence imposed."  Id.

Here, the record is entirely silent on this issue and does not reveal a nonspeculative basis for concluding either that (a) the district court was unaware that it possessed the discretion to impose a shorter sentence or that (b) had it known it possessed such discretion, it would have imposed a shorter sentence.  In any event, Byers' ultimate Guidelines range was not determined by his drug quantity, but rather by his status as an armed career criminal.  See United States v. Ogman, 535 F.3d 108, 111 (2d Cir. 2008) (clarifying that when "a district court sentences a defendant pursuant to a Guidelines range that results from his status as a career offender, and without reliance upon the Guidelines drug quantity table and the crack to powder ratio that it incorporates, the sentence does not present the type of error for which remand . . . is appropriate").  Therefore, because Byers cannot demonstrate that the district court's failure to sua sponte consider the

4

crack/powder disparity affected his substantial rights, there was no plain error.

Based on the foregoing, we affirm Byers' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED