**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4676**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHON EDWARD MEEKS, a/k/a Lashon Edward Meeks, a/k/a Lashawn
Edward Meeks, a/k/a Teddy,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
Senior District Judge.  (CR-04-466)

Submitted:  November 30, 2009        Decided:  December 17, 2009

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James D. Williams, Jr., Durham, North Carolina, for Appellant.
Sandra Jane Hairston, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shon Edward Meeks was convicted, pursuant to a guilty plea, to one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). He was sentenced to 262 months in prison, at the low end of the Sentencing Guidelines range, and ten years of supervised release. He appeals his conviction and sentence. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although informed of his right to do so, Meeks did not file a pro se supplemental brief. The Government elected not to file a brief.[1] Finding no error, we affirm.

Meeks was indicted based on his sale of 121.9 grams of cocaine base (crack) to two undercover agents of the Drug Enforcement Agency and a confidential informant. At the time he entered his guilty plea, Meeks was 27 years old and he had a GED. He had considerable experience with the criminal justice system, albeit in state court, including several guilty pleas to felony charges. He was not under the influence of drugs or alcohol at the time of the plea hearing. The district court explained the charge, informed Meeks of the minimum and maximum

---

[1] Although Meeks waived his right to appeal in his plea agreement, the Government has not sought to dismiss the appeal based on the waiver. Thus, the waiver will not be enforced. United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000).

2

terms of imprisonment, and ensured that Meeks's plea was not obtained through threats or promises. The court explained the rights Meeks was forgoing by pleading guilty, including trial by jury, confrontation and cross-examination of witnesses, and the like. There is nothing in the record to suggest that Meeks's guilty plea was not knowing and voluntary.

Meeks's base offense level, based on the quantity of drugs he sold, was 32 under the version of the Sentencing Guidelines then in effect.[2] U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2004). However, his extensive criminal history established Meeks as a career offender, setting his offense level at 37. USSG § 4B1.1. After an acceptance of responsibility adjustment, Meeks's final adjusted offense level was 34. His criminal history category was VI. This calculation resulted in an advisory Guidelines range of 262 to 327 months' imprisonment. Meeks's offense was subject to a statutory mandatory minimum sentence of twenty years, and a statutory maximum of life imprisonment.

---

[2] The Sentencing Guidelines pertaining to crack cocaine were lowered after Meeks was sentenced. See USSG App. C Amend. 706. The appropriate avenue for seeking a reduced sentence in light of Amendment 706 is a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (2006). See United States v. Brewer, 520 F.3d 367, 368 n.1 (4th Cir. 2008). We express no opinion about the possible merit of any such motion.

At sentencing, the district court adopted the factual findings and recommendations in the Presentence Report. The court acknowledged that the Guidelines were not binding. Although it did not specifically list each sentencing factor set forth in 18 U.S.C. § 3553(a) (2006), the court pointed to Meeks's lengthy criminal history, from his first of several drug convictions at the age of 16, to a firearms conviction, to the repeated revocations of his terms of supervised release. The court stated that "it's been difficult obviously for the courts to get the defendant's attention." The court recognized that the Guidelines range was "extensive," and imposed a sentence at the low end of that range. The court further explained that it was imposing a long sentence because "I think it's fair to you, fair to the government and to the public, and it is a reasonable sentence under the circumstances." This explanation provides a rationale tailored to Meeks's case and is sufficient to show that the district court conducted the sort of individualized sentencing analysis required under the relevant case law, including Gall v. United States, 552 U.S. 38, 46 (2007), United States v. Rita, 551 U.S. 338, 346-47 (2007), and United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Meeks's counsel raises two challenges related to sentencing in his Anders brief. First, counsel asserts that the prosecutor abused her discretion in seeking an enhanced sentence

4

pursuant to 21 U.S.C. § 851 (2006). However, the prosecutor agreed not to file a § 851 notice as part of Meeks's plea agreement. To the extent Meeks is challenging the prosecutor's use of his prior convictions to increase the applicable statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841, it is well settled that the prosecutor has broad discretion over whom to prosecute and what charges to file. United States v. Armstrong, 517 U.S. 456, 464 (1996). "'[I]n the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties.'" Id. (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926)). Meeks had an extensive criminal history, and there was nothing improper about seeking the statutorily prescribed increased penalty based on that history.

Next, Meeks's claim that his prior convictions should have been alleged in the indictment is clearly foreclosed by this Circuit's precedent. United States v. Cheek, 415 F.3d 349, 354 (4th Cir. 2005) (reaffirming validity of Almendarez-Torres v. United States, 523 U.S. 224 (1998)). "[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal

5

quotation marks and citation omitted).  Thus, this claim warrants no relief.

Finally, after the district court imposed sentence on Meeks, the Supreme Court held, in Kimbrough v. United States, 552 U.S. 85 (2007), that the district court could deviate from the Guidelines' 100-to-1 crack cocaine to powder cocaine ratio when imposing sentence.  Meeks did not raise a Kimbrough claim in the district court or on appeal.  Nevertheless, in accord with our duty under Anders, we have considered whether Kimbrough might affect Meeks's sentence, and we conclude it does not. There is nothing in the record suggesting the district court would have imposed a lower sentence if it knew it had the authority to do so.  Moreover, Kimbrough is of no real assistance to Meeks because his Guidelines range was not ultimately determined based on drug quantity, but rather was based on his status as a career offender.  See United States v. Ogman, 535 F.3d 108, 109 (2d Cir. 2008) (clarifying that when "a district court sentences a defendant pursuant to a Guidelines range that results from his status as a career offender, and without reliance upon the Guidelines' drug quantity table and the crack powder ratio that it incorporates, the sentence does not present the type of error for which remand . . . is appropriate"); United States v. Jimenez, 512 F.3d 1, 8-9 (1st Cir. 2007) ("As we have explained, the crack/powder dichotomy is

6

irrelevant to the career offender sentence actually imposed in this case. Consequently, the decision in <u>Kimbrough</u> . . . is of only academic interest here.").

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. Therefore, we affirm Meeks's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>