10-1028-cv
Gonzalez v. United States

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT:   REENA RAGGI,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*,
           JOHN G. KOELTL,
                   *District Judge*.*

-----------------------------------------------------------------

LUIS GONZALEZ,
                   *Petitioner-Appellant*,

                    v.                                      No. 10-1028-cv

UNITED STATES OF AMERICA,
                   *Respondent-Appellee.*

-----------------------------------------------------------------

APPEARING FOR APPELLANT:     IRMA B. ASCHER, Esq., New York, New York.

APPEARING FOR APPELLEE:      ROBERT M. SPECTOR (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

---

* District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's order entered on February 22, 2010, is AFFIRMED.[1]

Petitioner Luis Gonzalez, whose 2008 conviction after a guilty plea to conspiracy to traffic in crack cocaine, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, was summarily affirmed by this court, see United States v. Tann, 332 F. App'x 674, 676-77 (2d Cir. 2009), now appeals from the denial of his petition to vacate his below-Guidelines sentence of 100 months' imprisonment based on ineffective assistance of counsel, see 28 U.S.C. § 2255. We review the denial of a § 2255 petition de novo, accepting the district court's factual findings unless infected by clear error. See Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Gonzalez faults his former counsel for failing to challenge the use of a 1993 conviction for sale of narcotics, see Conn. Gen. Stat. § 21a-277, as a predicate for a career offender enhancement, see U.S.S.G. § 4B1.1.[2] A petitioner complaining of ineffective

---

[1] Although a separate judgment was never entered, see Fed. R. Civ. P. 58(a), judgment became final 150 days after the order was entered, see Fed. R. Civ. P. 58(c)(2)(B). Thus, the notice of appeal was timely filed as of that date, see Fed. R. App. P. 4(a)(2), and we have jurisdiction over this appeal, see 28 U.S.C. § 1291; Goldberg & Connolly v. N.Y. Cmty. Bancorp, Inc., 565 F.3d 66, 71 n.3 (2d Cir. 2009).

[2] On appeal, Gonzalez also contends that counsel was ineffective for failing (1) to review his plea agreement with him; (2) to meet with him between his guilty plea and

2

assistance bears a heavy burden in that he must demonstrate both (1) that his attorney's performance fell below an objective standard of reasonableness in light of prevailing professional norms, and (2) prejudice arising from counsel's allegedly deficient representation. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); accord United States v. Caracappa, 614 F.3d 30, 46 (2d Cir. 2010). Prejudice requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different." Puglisi v. United States, 586 F.3d 209, 215 (2d Cir. 2009) (internal quotation marks omitted).

sentencing; (3) to object to the offense level calculation in the Presentence Report; and (4) to argue for a non-Guidelines sentence based on the crack/powder cocaine sentencing disparity. These challenges are outside the scope of the district court's certificate of appealability ("COA"), which granted an application limited to the issue of counsel's failure to object to the career offender designation. Because Gonzalez does not move for us to expand the COA, and we decline to do so sua sponte, our review is limited to the single issue on which the COA was granted. See 28 U.S.C. § 2253(c)(3); Yick Man Mui v. United States, 614 F.3d at 52 n.1; Armienti v. United States, 234 F.3d 820, 824 (2d Cir. 2000).

In any event, even if we were to reach Gonzalez's additional arguments, he would not be entitled to habeas relief. First, the plea agreement and offense level calculation claims were not raised in the § 2255 petition and, therefore, are not properly before us. See United States v. Triestman, 178 F.3d 624, 633 (2d Cir. 1999). Second, Gonzalez's complaints about counsel's pre-sentencing communications with him are belied by his statement at sentencing that there were no "unresolved issues" concerning counsel's representation. Sentencing Tr. at 2-3. Further, Gonzalez does not explain how the purported lack of communication caused him prejudice. See Appellant's Br. at 43 n.57 (asserting "additional prejudice" based on counsel's "virtual abandonment" of Gonzalez, but conceding such prejudice "cannot easily be quantified"). Finally, as Gonzalez acknowledges, his "counsel did deplore the unfairness of the [crack/powder cocaine] sentencing ratio, and mentioned the [Sentencing] Commission's own criticism of the disparity" in his sentencing memorandum, id. at 39, which the district court credited, in part, in imposing a prison term 51 months below the low end of the otherwise applicable Guidelines range. Moreover, because we conclude that Gonzalez was correctly designated a career offender, his sentence was not based on drug quantity and, therefore, unaffected by the crack/powder penalty ratio. See United States v. Ogman, 535 F.3d 108, 111 (2d Cir. 2008).

3

To carry his burden, Gonzalez asserts—and the government agrees—that the underlying state court records are insufficient to prove that his 1993 conviction for violating Conn. Gen. Stat. § 21a-277 qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) (2007) for purposes of a career offender determination. See United States v. Savage, 542 F.3d 959, 964-65 (2d Cir. 2008) (holding that § 21a-277 violation does not categorically qualify as a "controlled substance offense").[3] We need not determine whether counsel's February 2008 failure to challenge the 1993 conviction based on our subsequent reasoning in Savage amounted to constitutionally deficient performance. See generally Parisi v. United States, 529 F.3d 134, 141 (2d Cir. 2008) ("Under Strickland, we must consider the circumstances counsel faced at the time of the relevant conduct . . . ." (internal quotation marks omitted)); Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001) ("An attorney is not required to forecast changes or advances in the law." (internal quotation marks omitted)). Even if we were to decide that question in Gonzalez's favor, his claim fails on the prejudice prong of Strickland because, even without the 1993 conviction, Gonzalez qualified as a career offender by virtue of his (1) 1993 third-degree robbery conviction; and (2) 2006 second-degree robbery conviction, neither of which he disputes was a "crime of violence" under U.S.S.G. § 4B1.2(a).

Gonzalez nevertheless submits that the 2006 second-degree robbery conviction was not a prior conviction because it was sustained after his offense conduct in this case. See

---

[3] In light of the government's concession on this point, we deny Gonzalez's motion to supplement the record with the underlying state court records as moot.

U.S.S.G. § 4B1.2(c) (requiring that defendant have "committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense" (emphasis added)).[4] He is mistaken. For purposes of § 4B1.2(c), the effective date for the 2006 robbery conviction is the date of Gonzalez's nolo contendere plea, not that of his sentencing. See id. ("The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere." (emphasis added)); see also Puello v. Bureau of Citizenship & Immigration Servs., 511 F.3d 324, 330-31 (2d Cir. 2007). After his May 31, 2006 entry of a nolo contendere plea to the robbery charge, but before his July 28, 2006 sentencing, Gonzalez, who was free on bond, continued to engage in the conspiracy charged in this case, negotiating several crack purchases in early June 2006. Cf. United States v. Payne, 591 F.3d 46, 69 (2d Cir. 2010) ("Conspiracy is a continuing offense . . . that involves a prolonged course of conduct; its commission is not complete until the conduct has run its course." (internal citations omitted)). Indeed, Gonzalez pleaded guilty to a substitute information that charged a conspiracy that lasted from in or about April 2006 to in or about June 2006. Because Gonzalez continued to commit the offense charged in this case after he sustained the 2006 robbery conviction, he was properly sentenced as a career offender and cannot demonstrate prejudice based on counsel's failure to challenge the 1993 narcotics conviction as a controlled substance predicate.

---

[4] On appeal, Gonzalez does not challenge the use of the 1993 third-degree robbery conviction as a career offender predicate.

We have considered Gonzalez's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the district court's judgment is AFFIRMED.

       FOR THE COURT:
       CATHERINE O'HAGAN WOLFE, Clerk of Court