13-2360-cr
*United States v. Easterling*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand fourteen.

PRESENT:

BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                                      No. 13-2360-cr

JOSHUA EASTERLING, AKA SQ, AKA SKEET, AKA SQUASH, JAMES PERKINS, AKA SLUGGER, JUAN CARTAGENA, MORRIS CARTER, III, AKA CHILLY MO, JR., AKA MO, EVERTON GUNTER, AKA LITTLE EV, AKA EV, EBONY MOORE, AKA EB, ERIC GOMES, AKA GOOBER DUST, KYSHIIFA BOYD, AKA KY, MORRIS CARTER, JR., AKA CHILLY MO, JR., AKA MO, HASSAN MUHAMMAD, JR., AKA HADIE, SHAKIM WHITE, AKA COUNTRY, AKA LIL WEEZIE,

*Defendants,*

ANTHONY HENRY, AKA TONE, AKA MACK,

*Defendant-Appellant.*

_____

1

BRIAN P. LEAMING (EDWARD CHANG (of counsel), *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT, *for the United States*.

JEFFREY C. KESTENBAND, ESQ., The Kestenband Law Firm, LLC, Glastonbury, CT, *for Defendant-Appellant*.

Appeal from a May 24, 2013, judgment of conviction of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Anthony Henry ("Henry") pled guilty to one count of conspiracy to possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B). The district court sentenced Henry principally to 72 months' imprisonment. Henry appeals his sentence, asserting that the district court erred in denying his request for a downward departure from the applicable range under the United States Sentencing Guidelines. We assume the parties' familiarity with the facts and the procedural history.

"[A] refusal to downwardly depart is generally not appealable." *United States v. Cuevas*, 496 F.3d 256, 268 (2d Cir. 2007). "Claims that the district court erred in refusing to depart are not cognizable on appeal in the absence of substantial

2

indication that the district judge believed she lacked authority to depart or an indication that a violation of law occurred." *United States v. Jackson*, 658 F.3d 145, 153-54 (2d Cir. 2011); *see United States v. Scott*, 387 F.3d 139, 143 (2d Cir. 2004) (holding that a district court's decision is appealable "where the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart").

Henry's sole argument on appeal is that the district court erred in denying his request for a horizontal departure under U.S.S.G. § 4A1.3(b) from Criminal History II to Criminal History I, because Criminal History II substantially overrepresents the seriousness of his past criminal conduct. This is precisely the type of appeal over which we lack jurisdiction. *See United States v. Desena*, 260 F.3d 150, 159 (2d Cir. 2001) (holding that district court's denial of motion to downwardly depart under U.S.S.G. § 4A1.3 is not appealable where there was "no indication that [the district court] mistakenly believed [that it] lacked the authority to depart as a matter of law."); *United States v. Ogman*, 535 F.3d 108, 111 (2d Cir. 2008) (per curiam). Henry's attempt to reframe his appeal to argue that the district court's denial was a misapplication of the Guidelines, because the district court should have

3

"consider[ed] a downward departure from the guidelines" under *United States v. Mishoe*, 241 F.3d 214, 218 (2d Cir. 2001), is unavailing. *Mishoe* concerned the government's appeal from a decision *granting* a downward departure and did not purport to identify factors that should generally be considered in cases involving the claim that a particular criminal history category overstates the seriousness of a defendant's criminal past. *See id*. The record demonstrates , moreover, that the district court understood its authority to downwardly depart and declined to exercise this authority after considering the circumstances of Henry's case and criminal history. Because Henry's appeal thus amounts to a dispute with the district court's decision not to downwardly depart from the applicable Guidelines range, we lack jurisdiction to review his appeal. *See Jackson*, 658 F.3d at 153-54. Accordingly, we dismiss it.

We have reviewed Henry's remaining arguments and find them to be without merit. For the foregoing reasons, Henry's appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4