**UNITED STATES of America,**
**Appellee,**

v.

**Luis GONZALEZ, aka Oso,**

**32**

Defendant–Appellant.*

No. 14–1956.

United States Court of Appeals,
Second Circuit.

May 7, 2015.

David S. Keenan, Assistant Federal Defender (Sarah A.L. Merriam, Assistant Federal Defender, Thomas McCudden, on the brief), for Terence S. Ward, Federal Defender, District of Connecticut, New Haven, CT, for Appellant.

Marc H. Silverman, Assistant United States Attorney, (Robert M. Spector, Assistant United States Attorney, on the brief), for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: AMALYA L. KEARSE, BARRINGTON D. PARKER and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Luis Gonzalez appeals from a June 25, 2014 order of the United States District Court for the District of Connecticut, denying Gonzalez's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.[1]

On August 24, 2007, Gonzalez pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 846. On November 1, 2007, Amendment 706 to the United States Sentencing Guidelines took effect, reducing the sentencing base offense levels associated with cocaine base offenses. Nearly four months later, on February 28, 2008, the district court (Dorsey, J.) ("sentencing court") sentenced Gonzalez to 120 months' imprisonment, which the court imposed as a nonguideline sentence.[2]

Under Section 3582(c), a defendant's sentence may be reduced where he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...." 18 U.S.C. § 3582(c)(2). Gonzalez is ineligible for a sentence reduction under Section 3582 because he was not sentenced based on a sentencing range that was *subsequently* lowered by the Sentencing Commission. To the extent that the sentencing court erroneously relied on an outdated cocaine base guideline, such

---

\* The Clerk of Court is respectfully requested to amend the caption as set forth above.

1. We review *de novo* a district court's determination of whether a sentence was based on a range subsequently lowered by the Sentencing Commission. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir.2009). Moreover, we are "free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir.2006).

2. On March 6, 2008, the sentencing court issued an amended judgment to clarify that "[t]he sentence originally imposed was 120 months, but was reduced by a term of 20 months as a non-guideline sentence to give defendant credit for time served" on an unrelated state matter. App. 23. On June 15, 2010, the sentencing court again amended the judgment to clarify that the federal sentence "shall run concurrently with" Gonzalez's unrelated state sentence. App. 24.

 

error cannot now be raised in proceedings pursuant to Section 3582. *See United States v. Mock,* 612 F.3d 133, 134–35 (2d Cir.2010) (per curiam). Moreover, Gonzalez failed to raise the error on direct appeal or in his collateral habeas proceedings.[3]

We have considered all of Gonzalez's remaining arguments and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

**3.** We held previously in Gonzalez's habeas appeal that he had failed to raise offense level calculation claims in his original petition pursuant to 28 U.S.C. § 2255 and, consequently, his claims were not properly raised on appeal. *See Gonzalez v. United States,* 433 Fed. Appx. 24, 26 n. 2 (2d Cir.2011).