14-1956
*United States v. Gonzalez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand and fifteen.

PRESENT: AMALYA L. KEARSE,
 BARRINGTON D. PARKER,
 RICHARD C. WESLEY,
  *Circuit Judges.*

———————————————

UNITED STATES OF AMERICA,

 *Appellee,*

 -v.-  No. 14-1956

LUIS GONZALEZ, AKA Oso,

 *Defendant-Appellant.*\*

———————————————

———————————————

\* The Clerk of Court is respectfully requested to amend the caption as set forth above.

1

FOR APPELLANT:     DAVID S. KEENAN, Assistant Federal Defender (Sarah A.L. Merriam, Assistant Federal Defender, Thomas McCudden, *on the brief*), *for* Terence S. Ward, Federal Defender, District of Connecticut, New Haven, CT.

FOR APPELLEE:      MARC H. SILVERMAN, Assistant United States Attorney, (Robert M. Spector, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the order of the District Court be and hereby

is **AFFIRMED.**

Defendant-Appellant Luis Gonzalez appeals from a June 25, 2014 order of

the United States District Court for the District of Connecticut, denying

Gonzalez's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c).

We assume the parties' familiarity with the underlying facts, the procedural

history, and the issues for review.[1]

---

[1] We review *de novo* a district court's determination of whether a sentence was based on a range subsequently lowered by the Sentencing Commission. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009). Moreover, we are "free to affirm a decision on

On August 24, 2007, Gonzalez pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 846. On November 1, 2007, Amendment 706 to the United States Sentencing Guidelines took effect, reducing the sentencing base offense levels associated with cocaine base offenses. Nearly four months later, on February 28, 2008, the district court (Dorsey, *J.*) ("sentencing court") sentenced Gonzalez to 120 months' imprisonment, which the court imposed as a nonguideline sentence.[2]

Under Section 3582(c), a defendant's sentence may be reduced where he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Gonzalez is ineligible for a sentence reduction under Section 3582 because he was not sentenced based on a sentencing range that was *subsequently* lowered by the Sentencing Commission. To the extent that the sentencing court

---

any grounds supported in the record, even if it is not one on which the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

[2] On March 6, 2008, the sentencing court issued an amended judgment to clarify that "[t]he sentence originally imposed was 120 months, but was reduced by a term of 20 months as a non-guideline sentence to give defendant credit for time served" on an unrelated state matter. App. 23. On June 15, 2010, the sentencing court again amended the judgment to clarify that the federal sentence "shall run concurrently with" Gonzalez's unrelated state sentence. App. 24.

erroneously relied on an outdated cocaine base guideline, such error cannot now be raised in proceedings pursuant to Section 3582. *See United States v. Mock*, 612 F.3d 133, 134–35 (2d Cir. 2010) (per curiam). Moreover, Gonzalez failed to raise the error on direct appeal or in his collateral habeas proceedings.[3]

We have considered all of Gonzalez's remaining arguments and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] We held previously in Gonzalez's habeas appeal that he had failed to raise offense level calculation claims in his original petition pursuant to 28 U.S.C. § 2255 and, consequently, his claims were not properly raised on appeal. *See Gonzalez v. United States*, 433 F. App'x 24, 26 n.2 (2d Cir. 2011).

4