**UNITED STATES of America,**
**Appellee,**

v.

**Tito MELVIN, Defendant–Appellant.**

No. 06–0465–cr.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2007.

John P. Collins, Jr., Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Jonathan S. Kolodner, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Samuel M. Braverman, Law Office of Sam Braverman, Bronx, NY, for Defendant–Appellant.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Tito Melvin appeals from a judgment entered on June 14, 2005 in the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*) sentencing him principally to 216 months' imprisonment upon his plea of guilty to three counts of distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(B), and (b)(1)(A). We assume the parties' familiarity with the balance of facts, procedural history, and issues on appeal.

We conclude that the District Court faithfully discharged its post-*Booker* obligations, and that its sentence was not unreasonable. The defendant argues that his sentence was unreasonable because the District Court did not examine the crack/powder cocaine disparity during sentencing. However, as we have recently held, it is error to give a below Guidelines sentence based solely on a policy disagreement with the Guidelines' disparate treatment of crack and powder cocaine. *See United States v. Castillo*, 460 F.3d 337, 357 (2d Cir.2006).

The defendant also argues that the District Court's failure to grant him a horizontal departure to reduce his Criminal History Category resulted in an "unjustly harsh sentence." Generally, we will not review a district court's refusal to grant a Guidelines departure unless the "sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). Melvin points us to nothing in the record indicating that either concern is implicated in this case. Melvin relies on *Mishoe* which states that a downward departure *may* be warranted where the defendant's Criminal History Category "overstates the seriousness of his criminal record." *United States v. Mishoe,* 241 F.3d 214, 215 (2d Cir.2001). In this case, the District Court specifically found that the defendant's Criminal History Category did not overrepresent the defendant's criminal record, and that the sentence imposed was sufficient "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to the criminal conduct of others." Accordingly, the District Court's refusal to grant Melvin a horizontal departure was not unreasonable.

For the foregoing reasons, we AFFIRM the judgment of the District Court.