09-2839-cr
United States v. Melvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand ten.

PRESENT:  JON O. NEWMAN,
　　　　　CHESTER J. STRAUB,
　　　　　REENA RAGGI,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------

UNITED STATES OF AMERICA,
　　　　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　No. 09-2839-cr

TITO MELVIN,
　　　　　　　　*Defendant-Appellant*.

------------------------------------------------------------

APPEARING FOR APPELLANT:　　SAMUEL M. BRAVERMAN, Bronx, New York.

APPEARING FOR APPELLEE:　　JOHN P. COLLINS, JR., Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 26, 2009, is AFFIRMED.

Defendant Tito Melvin, who pleaded guilty to three counts of trafficking in crack cocaine, on one occasion in an amount of at least fifty grams, see 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), (B), challenges the reasonableness of the 192-month sentence imposed after remand from this court. See United States v. Melvin, No. 06-0465-cr (2d Cir. May 15, 2008) (remanding for resentencing consistent with Kimbrough v. United States, 552 U.S. 85 (2007)).[1] We review Melvin's reasonableness challenge for abuse of discretion, see Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc), assuming the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] In summarily affirming Melvin's original sentence, this court rejected Melvin's argument that the district court erred in failing to consider the Guidelines' crack/powder cocaine disparity on the ground that "it is error to give a below Guidelines sentence based solely on a policy disagreement with the Guidelines' disparate treatment of crack and powder cocaine." United States v. Melvin, 252 F. App'x 381, 381 (2d Cir. 2007). After concluding otherwise in Kimbrough, the Supreme Court remanded this case for further consideration, see Melvin v. United States, 552 U.S. 1253, 1253 (2008), prompting, in turn, our remand to the district court for resentencing "consistent with Kimbrough," United States v. Melvin, No. 06-0465-cr (2d Cir. May 15, 2008). For the reasons stated in text, Melvin's sentence, based on his status as a career offender and imposed by a district court well aware of its sentencing discretion, is not at odds with Kimbrough.

1.      Procedural Reasonableness

Melvin submits that his sentence is procedurally unreasonable because the district court (1) failed to begin its sentencing determination with the mandated minimum of 120 months' incarceration rather than the 262-to-327 month Guidelines range, (2) gave undue deference to the original 216-month sentence imposed by Judge Charles L. Brieant, and (3) failed adequately to consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses discussed in Kimbrough v. United States. We disagree.

At the outset, we note that the district court clearly "rested its sentence on the appropriate considerations." Kimbrough v. United States, 552 U.S. at 111. The record demonstrates that it calculated the applicable Guidelines range, considered the sentencing factors set out in 18 U.S.C. § 3553(a), addressed the parties' arguments, and imposed a below-Guidelines sentence of 192 months' incarceration in light of – and with express reference to – "§ 3553(a)'s overarching instruction to impose a sentence sufficient, but not greater than necessary, to accomplish the sentencing goals advanced in § 3553(a)(2)." Id. We thus have no reason to question the district court's understanding of its sentencing discretion under United States v. Booker, 543 U.S. 220 (2005), or its faithful discharge of its sentencing obligations under § 3553(a), see United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008).

Contrary to Melvin's argument, nothing in Kimbrough, Booker, or our summary decision in United States v. Baker, 254 F. App'x 73 (2d Cir. 2007), required the district court

to use the statutory minimum sentence as a starting point for its sentencing determination and to justify "any upward departure from the minimum," Appellant's Br. at 9. To the contrary, the Supreme Court has suggested that the Guidelines range – even though now advisory – provides "the starting point and the initial benchmark" for sentencing. Gall v. United States, 552 U.S. at 49; accord United States v. Cavera, 550 F.3d at 189.

Nor was the district court precluded from considering the below-Guidelines sentence previously imposed by Judge Brieant as information relevant to, but in no way binding on, the court's exercise of its discretion.[2] Cf. United States v. Garcia, 413 F.3d 201, 228 & n.19 (2d Cir. 2005) (instructing that where original judge is unavailable to handle Crosby remand, new judge should "carefully consider any statements made by the original sentencing judge indicating an inclination to show greater leniency or severity but for the Guidelines mandates"). Melvin's argument that the previous sentence unduly constrained the district court's exercise of its discretion finds no support in the record.

Melvin's claim that the district court failed adequately to consider Kimbrough is similarly without merit. The district court expressly referenced the procedural history of the case, which included this court's remand for resentencing consistent with Kimbrough. Further, Melvin's attorney referenced Kimbrough in letters to the court before sentencing and

---

[2] Although Melvin did not challenge the district court's consideration of Judge Brieant's sentence below, we do not consider the possibility of waiver, as the government does not argue that point on appeal. See United States v. Quiroz, 22 F.3d 489, 491 (2d Cir. 1994) (observing that government "waive[s] waiver" when it does not raise argument on appeal (internal quotation marks omitted)).

4

orally during sentencing. What Melvin overlooks is that his Guidelines range was determined by his conceded status as a career offender under U.S.S.G. § 4B1.1(a), not by Guidelines applicable to crack cocaine offenses. In a case decided after the remand order in Melvin's case, this court held that Kimbrough's holding that a sentencing court may consider the Guidelines' crack/powder cocaine disparity in imposing a non-Guidelines sentence, see 552 U.S. at 91, has no bearing when a crack defendant's Guidelines are based on career offender status, see United States v. Ogman, 535 F.3d 108, 109 (2d Cir. 2008) (holding that resentencing under Kimbrough is unnecessary when sentence "was not the result of the Guidelines' 100-to-1 powder to crack ratio, but rather resulted from [defendant's] status as a career offender").

Accordingly, we identify no procedural error rendering Melvin's sentence unreasonable.

2.      Substantive Reasonableness

Melvin asserts that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing. We review the substantive reasonableness of a district court's sentence deferentially, and we will set the sentence aside "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007). This is not such a case. We will rarely identify substantive unreasonableness in a Guidelines sentence. See Rita v.

5

United States, 551 U.S. 338, 347 (2007); United States v. Ministro-Tapia, 470 F.3d 137, 142 (2d Cir. 2006); United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). Still less are we likely to conclude that a below-Guidelines sentence is substantively unreasonable under the parsimony clause. See United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that broad range of sentences qualify as reasonable punishments). Here, the district court imposed a sentence 70 months below the bottom of the applicable Guidelines range after considering, inter alia, the societal effects of large-scale drug dealing (through counsel, Melvin acknowledged that he was a "big-time crack cocaine dealer," Sent'g Tr. at 18), the need for deterrence, and Melvin's efforts to rehabilitate himself in prison. On this record, we cannot conclude that the challenged sentence was substantively unreasonable.

We have considered Melvin's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court