09-3546-cr
*USA v. Swackhammer*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand and ten.

PRESENT: WILFRED FEINBERG,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                 *Appellee,*

         -v.-                          09-3546-cr

MARK SWACKHAMMER,

                 *Defendant-Appellant.*

---

FOR APPELLANT:      MARJORIE M. SMITH, Law Office of Marjorie
                    M. Smith, Piermont, NY.

FOR APPELLEE:       PAUL D. SILVER, Assistant United States
                    Attorney, (Miroslav Lovric, Assistant
                    United States Attorney, *on the brief*),
                    *for* Richard S. Hartunian, United States
                    Attorney for the Northern District of New
                    York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Mark Swackhammer ("Appellant") appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), entered on August 19, 2009, following a guilty plea and sentencing him to 168 months imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the sentence imposed by the District Court for both substantive and procedural reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks and alterations omitted).

Appellant argues that his sentence was procedurally unreasonable because the District Court did not reduce Appellant's offense level pursuant to U.S.S.G. § 2G2.2(b)(1) and did not discuss U.S.S.G. § 5K2.16. Appellant did not qualify for a § 2G2.2(b)(1) reduction because his conduct was not limited to receipt and solicitation and, based on his use of file-sharing software, Appellant did not show that he "did not intend to traffic in, or distribute" child pornography. As for U.S.S.G. § 5K2.16, the District Court's failure to discuss this provision was not error, especially given the court's clear acknowledgment of its authority to reduce Appellant's sentence. *See United States v. Sero*, 520 F.3d 187, 192 (2d Cir. 2008).

Appellant also argues that his sentence was substantively unreasonable because the District Court allegedly failed to consider that the Sentencing Guidelines do not provide empirical support for the length of sentences in child pornography cases. Appellant's argument is premised on a significant over-reading of our holding in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). To reverse simply because the District Court did not conduct an empirical analysis of the statistical support underlying the

3

Sentencing Guidelines would reach far beyond the scope of our substantive reasonableness review. *See United States v. Rigas*, 583 F.3d 108, 122-23 (2d Cir. 2009). Further, *Dorvee* is clearly distinguishable from this case because Appellant's sentence was not near or exceeding the statutory maximum. Further, unlike in *Dorvee*, Appellant's criminal conduct was not limited to possession of child pornography alone; Appellant repeatedly molested his children. Given these circumstances, we conclude that the sentence was not substantively unreasonable.

Appellant also urges the Court to vacate his sentence because the District Court erroneously presumed that a guideline sentence was a reasonable sentence. *See Nelson v. United States*, 555 U.S. ---, 129 S. Ct. 890, 892 (2009) (per curium); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc); *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). In support of this argument, Appellant direct the Court to an excerpt from the sentencing colloquy in which the District Court observed that "unless I can articulate on the record some good cogent reason why the Court should sentence the defendant outside the guidelines, then I'm probably going to sentence him within the

4

guidelines."

This stray utterance cannot bear the weight Appellant seeks to place on it. To the contrary, "[w]e have held that a single statement by a sentencing judge that, standing alone, might be interpreted as a misapprehension that a Guideline sentence should presumptively be imposed . . . [can]not overcome the clear indication in the record that the Court was well aware of its authority to impose a non-Guideline sentence." *United States v. Orozco Mendez*, 371 F. App'x 159, 160 (2d Cir. 2010) (citing *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006)) (brackets in original). Here, a review of the complete transcript of the sentencing hearing reveals that the District Court correctly treated the guidelines as merely advisory in arriving at Appellant's sentence.

Finally, Appellant raises a Sixth Amendment challenge, contending that his counsel below was ineffective because his counsel failed to raise the sentencing arguments now before us on appeal. We decline to adjudicate Appellant's claim for ineffective assistance of counsel on this direct appeal. Appellant may raise his Sixth Amendment claim in the district court by petition under § 2255. *See Massaro v.*

5

*United States*, 538 U.S. 500, 504-05 (2003) (noting the benefits of deciding ineffective-assistance claims through § 2255 proceedings instead of on direct appeal).

We have considered Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk