10-2701-cr
USA v. Brockett

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of  April, two thousand eleven.

Present:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

                v.                                                        No.  10-2701-cr

JAMALI BROCKETT, AKA Marley, AKA Ms. King,
AKA Young King,

        *Defendant-Appellant*,

HASSAN PORTEE,

        *Defendant*.

_____

For Appellee:                   Licha M. Nyiendo, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *of counsel*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

For Defendant-Appellant:          Mitchell A. Golub, Golub & Golub LLP, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Jamali Brockett appeals from the July 2, 2010 judgment of the district court, following a plea of guilty, convicting him of sex trafficking of a child, in violation of 18 U.S.C. § 1591(a)(1) (Counts One and Two), sex trafficking of a woman, in violation of 18 U.S.C. § 1591(a)(1) (Counts Three and Four), and transporting an individual across state lines for the purposes of prostitution, in violation of 18 U.S.C. § 2421 (Counts Six and Seven).  He was sentenced principally to concurrent terms of incarceration of 287 months on Counts One through Four and of 120 months on Counts Six and Seven.  On appeal, Brockett argues that his sentence is procedurally unreasonable on the ground that the district court failed to take into consideration his personal characteristics, and substantively unreasonable in view of (1) the purported lack of an empirical basis for the sex-trafficking Guidelines, (2) the purported disparity between the Guidelines sentence and the sentence he would have received had he been prosecuted by New York State authorities, and (3) the Guidelines' calling for a sentence substantially in excess of the mandatory minimum.  We assume the parties' familiarity with the facts and procedural history of this case.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Our review has "two components: procedural review and substantive review." *Id.* We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the sentence and reverse only when the district court's sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We turn first to Brockett's argument that his sentence is procedurally unreasonable on the ground that the district court failed to take into account his personal history and characteristics, as required by 18 U.S.C. § 3553(a)(1). Title 18, section 3553(a) of the United States Code identifies factors that the district court "shall consider" when deciding upon a defendant's sentence. 18 U.S.C. § 3553(a). "We have imposed no . . . requirement that a sentencing judge *precisely identify* either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors along with the applicable Guidelines range." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006) (emphasis in original). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance,

3

we will accept that the requisite consideration has occurred." *United States v. Rose*, 496 F.3d 209, 213 (2d Cir. 2007) (internal quotation marks omitted). Our presumption of compliance with § 3553 has particular force when "the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the § 3553(a) factors." *Fernandez*, 443 F.3d at 29.

We have no difficulty concluding that the district court complied with the requirements of § 3553(a). During the sentencing hearing, defense counsel related to the court the defendant's personal history, including, among other things, the fact that he had proferred information to the government, his minimal criminal history, and his acceptance of responsibility. The district court explicitly stated that it had received Brockett's sentencing submission, which also detailed his history and family circumstances. The record reflects that the district court, which expressly referred to the § 3553(a) factors, "[was] aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable," and Brockett has not pointed to anything in the record that would "indicate[] misunderstanding about such materials or misperception about their relevance." *Rose*, 496 F.3d at 213 (internal quotation marks omitted). Accordingly, we conclude that Brockett's procedural challenge to his sentence is without merit.

We turn next to Brockett's argument that his sentence is substantively unreasonable on the ground that the Guidelines applicable to sex-trafficking crimes are not supported by sufficient empirical data. We have stated that the "Sentencing Guidelines are typically developed by the Sentencing Commission using an empirical approach based on data about past sentencing practices." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010). Even assuming *arguendo* that the Guidelines here at issue were based upon a congressional directive

rather than the empirical process typically employed by the Sentencing Commission, there is no indication that the district court was unaware of its ability to depart from the Guidelines based upon policy disagreements. *Cf. United States v. Swackhammer*, 400 F. App'x 615, 616 (2d Cir. 2010) (summary order) (rejecting substantive reasonableness challenge where "the District Court allegedly failed to consider that the Sentencing Guidelines do not provide empirical support for the length of sentences in child pornography cases"). In any event, the sentence imposed was well below the statutory maximum of life imprisonment. We recently made clear, moreover, that *Dorvee* does not stand for the proposition that the Sentencing Commission must cite "specific empirical data" when it amends the Guidelines. *See United States v. Perez-Frias*, — F.3d —, No. 10-1401-cr, 2011 WL 1184390, at *3 (2d Cir. Mar. 31, 3011) (per curiam). Brockett's argument therefore is without merit.

Brockett's next contention, that the comparable state crime carries a lower penalty than the instant sentence, is similarly unavailing. As Brockett acknowledges, the state crime of compelling prostitution has a maximum sentence of twenty-five years of imprisonment. *See* N.Y. Penal Law § 230.33; Def. Br. 10. Brockett's sentence of 287 months of imprisonment therefore was within the range he could have received if he had been convicted in a New York State court. In any case, Brockett points to no authority that a sentence is unreasonable because a different sovereign would punish the same conduct less severely.

Finally, Brockett does not offer any support for his contention that his sentence is substantively unreasonable because the Guidelines range is more than twice the statutory mandatory minimum. *See United States v. Melvin*, 379 F. App'x 37, 38 (2d Cir. 2007) (summary order) (observing that nothing requires a district court to use the statutory minimum as a starting

5

point for the sentencing determination).  In all of the circumstances, we conclude that Brockett's 287-month sentence, which is well below the statutory maximum sentence, is reasonable in this case.

We have considered Brockett's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK